DALBERG, Appellant, vs. JUNG BREWING COMPANY, Respondent.

*November 18—December 9, 1913.*

*Contracts: Services of real-estate broker: Agency: Evidence: Instructions to jury: Staleness of demand: Appeal: Harmless errors.*

1. In an action to recover for services in procuring an option for a lease, alleged to have been rendered under a contract made by an agent on defendant's behalf, testimony of defendant's officers that the agent had never been given express authority to make such contracts was properly admitted.
2. It being admitted in the complaint that plaintiff had sued another person for a certain part of the services for which this action was brought, the bill of particulars in such other action was of no moment in this action, and was properly excluded when offered in evidence by plaintiff.
3. Where an action was not brought until almost six years after

the alleged services were rendered for which recovery was sought, and there was a sharp conflict in the testimony as to whether a cause of action ever existed, it was proper to charge the jury that they might take into consideration the delay in bringing suit.

4. Where, in an action to recover for services, the jury by a general verdict found that no valid contract to pay for such services was made by or on behalf of defendant, the error, if any, in excluding from the jury's consideration the claim for a certain part of the services which had originally been rendered to another person, but for which plaintiff alleged the defendant agreed to pay, was not prejudicial.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an action to recover $1,200 for services claimed to have been rendered in the year 1903 in procuring an option for a lease of a store building for saloon and restaurant purposes on Third street in the city of Milwaukee. Plaintiff alleges that the greater part of the services, amounting to $900 in value, were originally performed at the request of one A. C. Feise alone, but that after their performance the defendant became interested in the matter with the consent of Feise, and agreed that it would pay plaintiff for the services which he had already rendered for Feise, and the reasonable value of such further services as the plaintiff might render in the matter if he would procure the option for its benefit. The plaintiff claims that he secured an oral option for defendant's benefit and that defendant received the lease in pursuance of the option and occupied the premises. Plaintiff admits that before the commencement of this action he sued Feise for the services rendered for him in the matter, but claims that he did so at defendant's request. The Feise suit never came to trial, but was abated by the death of Feise. This action was commenced in October, 1909. The defendant admitted that it obtained a lease of the building, but denied that it was obtained through the efforts of the plaintiff, and denied making any agreement to

pay the plaintiff for services in obtaining the lease. Upon the trial the court withdrew from the consideration of the jury the claim for $900 for the services originally rendered to Feise and submitted to the jury only the claim for $300 for services rendered to the defendant alone. A verdict for the defendant was rendered, and from judgment thereon the plaintiff appeals.

*S. W. Dalberg,* appellant, *in pro. per.*

*Henry J. Killilea,* for the respondent.

WINSLOW, C. J. Four assignments of error are made, which will be briefly treated.

1. The plaintiff claimed that one Meyer, an employee of the defendant, whose business was the collection of bills in the city and the reporting of any matters of interest to the defendant's business which he found in the course of his duties, made the contract set forth in the complaint. The plaintiff produced no testimony to show that Meyer had express-authority to make any such contract and very little testimony tending to show that he had assumed to act for the defendant in such matters before. On the defense the testimony of certain of defendant's officers was offered and received against objection, to the effect that Meyer had never been clothed with express authority to make such contracts. The receipt of this testimony is assigned as error, but we find none. The plaintiff's whole case depended on the fact of Meyer's agency, and it was competent for the defendant to show if it could that there was neither express nor implied agency.

2. The defendant offered in evidence the complaint in the previous action brought by the plaintiff against Feise to recover $900 for the services alleged to have been rendered before the defendant became interested in the matter. This was received without objection. Thereupon the plaintiff offered in evidence a so-called bill of particulars which he

served in that action at the request of the defendant therein, but the same was ruled out, and this ruling is now complained of. We find no error here. Neither the complaint nor the bill were matters of any moment. The plaintiff in his complaint in the present action admitted that he had sued Feise for the $900. The fact was before the jury all through the trial of the present case, and the precise form in which the alleged $900 worth of services was alleged or described in the complaint or bill of particulars in the Feise suit cuts no figure in the present case.

3. In the course of his charge to the jury the trial judge said:

"In determining whether or not Meyer made the contract with the plaintiff as claimed by the plaintiff, you will take into consideration the interest or lack of interest which the plaintiff or Meyer has in the outcome of this lawsuit. You may also take into consideration the length of time which elapsed before suit was brought by the plaintiff against the defendant and all the other facts and circumstances shown by the evidence which will throw any light upon this matter."

This instruction is complained of because the court told the jury that they might consider the length of time which elapsed before the action was brought. We find no error here. The action was not brought until almost six years after the alleged services were rendered. The staleness of a demand is not a bar unless the statute of limitations has run upon it. Nevertheless, the fact that nearly six years have been allowed to pass before an action is brought is a fact which may properly be considered in a case where there is a sharp conflict in the testimony on the question whether a cause of action ever existed. The significance of the long delay will depend largely on the surrounding circumstances and the facts existing which may tend to explain or excuse it.

4. It is alleged that it was error to withdraw from the jury consideration of the claim for the services originally

rendered to Feise, amounting as claimed to $900. We suppose that the trial court withdrew this claim because he thought that the defendant's promise, if made at all, was an oral promise to pay the debt of another, and hence void under the statute of frauds. We do not find it necessary to decide whether the court was right in this ruling or not. There might perhaps be some doubt about it. The general verdict for the defendant, however, renders it certain that the ruling, if erroneous, was not prejudicial.

By their general verdict the jury found either that no contract at all was made, or that Meyer had no authority to make the alleged contract. In either event there could be no recovery of the $900 claim. This verdict was reached without prejudicial error so far as the $300 claim is concerned. If no contract for the $300 worth of services was made, none was made for the $900 worth of previous services.

*By the Court.*—Judgment affirmed.